**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X 04 CV 0673 (NG) (LB)
**DAVID VECKINBURG,**

                **Plaintiff,**

   -against-                                      **OPINION AND ORDER**

**EQUIFAX INFORMATION SERVICES LLC**
**and NATIONAL MORTGAGE,**

                **Defendants.**
-------------------------------------------------------------------X

**GERSHON, United States District Judge:**

In this action alleging violations of the Fair Credit Reporting Act ("FCRA" or "Act"), 15 U.S.C. §§ 1681-1681x, plaintiff and defendant Equifax Information Services LLC ("Equifax") have both moved for summary judgment. For the reasons set forth below, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied.

**FACTS**

Unless otherwise noted, the following facts are not in dispute:

Plaintiff David Veckinburg is a consumer. Defendant Equifax is a consumer reporting agency that receives information about individual consumers from creditors, assembles that information in credit reports, and makes the reports available to subscribers engaged in credit-related transactions. Equifax maintains a credit file on plaintiff. National Mortgage is a mortgage company that furnished information about plaintiff to Equifax. Although National Mortgage is named as a defendant in the complaint, the company was never served with process and has not appeared in this

1

action.

In a declaration dated January 30, 2006, Alicia Fluellen, Director of Customer Care for Equifax, described the procedures employed by Equifax to avoid publication of information about consumers that is inaccurate. According to Ms. Fluellen, Equifax accepts information regarding a consumer's credit only from sources that it determines to be reasonably reliable. When Equifax receives a request from a company to become a furnisher of information, it conducts an investigation of the company that includes an on-site inspection, a security check, and a credit report. Equifax requires each prospective source of information to enter into a contract with Equifax, promising to furnish only accurate, up-to-date information and perform reinvestigations upon request. Equifax also runs tests to make sure that the information provided to it is accurately transcribed and loaded into its database.

On October 20, 2003, plaintiff's counsel sent a letter to Equifax disputing eleven items that appeared on plaintiff's credit report, including a delinquent account with National Motgage and a judgment entered against plaintiff in June 2000. In response, Equifax conducted a reinvestigation of those items. In her declaration, Ms. Fluellen stated that, following the reinvestigation, Equifax deleted two items from plaintiff's credit report, the National Mortgage account and the June 2000 judgment, and added a code to plaintiff's credit file to ensure that the National Mortgage account would not be reported again in the future. Equifax was able to verify the accuracy of the other disputed items. On November 17, 2003, Equifax sent plaintiff a letter detailing the results of its reinvestigation, together with a copy of plaintiff's updated credit report and a statement of his rights under the law. Plaintiff, however, alleges that the National Mortgage account continues to appear on his credit report.

Plaintiff commenced the instant lawsuit by complaint dated February 10, 2004, claiming that Equifax willfully violated the FCRA. In his motion papers, he also claims that Equifax violated the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f. He alleges that, as a result of inaccuracies reported by Equifax, he was denied credit on various occasions and his car was repossessed. Discovery is now complete and both parties have moved for summary judgment.

## DISCUSSION

**I.      Summary Judgment Standard**

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the standard for a directed verdict under Rule 50(a), which permits the court to grant a motion for judgment as a matter of law when "there is no legally sufficient evidentiary basis for a reasonable jury" to decide an essential issue in favor of the non-moving party. Fed. R. Civ. P. 50(a)(1); *see id.* at 323.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To prevail, the non-moving

party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *id*. at 587. A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial, and entitles the moving party to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

**II.     Fair Credit Reporting Act Claims**

Congress enacted the FCRA to promote efficiency in the nation's banking system and to protect consumer privacy. 15 U.S.C. § 1681(a); *see TRW Inc. v. Andrews*, 534 U.S. 19, 23 (2001). To achieve these goals, the FCRA imposes specific duties on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies. *Kane v. Guaranty Residential Lending, Inc.*, 2005 WL 1153623, *2 (E.D.N.Y. May 16, 2005). The Act creates a private right of action allowing injured consumers to recover actual damages caused by negligent violations and both actual and punitive damages for willful noncompliance. 15 U.S.C. §§ 1681n, 1681o; *TRW Inc.*, 534 U.S. at 23.

The FCRA imposes a duty on consumer reporting agencies, such as Equifax, to follow reasonable procedures, whenever preparing a consumer report, to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b). The Act also imposes a duty on consumer reporting agencies to "conduct a reasonable reinvestigation" of any information contained in a consumer report that is disputed by the consumer to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A). The reinvestigation must be completed within thirty days of notification of the dispute. *Id*. If, after such a reinvestigation, an item of information is found to be inaccurate or incomplete or cannot be

4

verified, the consumer reporting agency must promptly delete that item of information from the consumer's file or modify the item of information as appropriate. 15 U.S.C. §§ 1681i(a)(5)(A)(I).

Equifax has submitted evidence of its compliance with both of these duties as concerns plaintiff's credit report. Ms. Fluellen's declaration establishes that Equifax has reasonable procedures in place to assure that the information it reports about consumers is accurate. Plaintiff submits no evidence that calls into question the reasonableness of those procedures or that suggests that Equifax failed to follow them in this case. Nor does plaintiff submit evidence to demonstrate that any of the items on his credit report were actually inaccurate. Although Equifax ultimately deleted two items that were disputed by plaintiff, the record does not indicate whether it did so because the items were inaccurate or merely because it was unable to verify them in the time period prescribed by the Act.

Similarly, Ms. Fluellen's declaration establishes that Equifax conducted a timely reinvestigation of the items disputed by plaintiff, verified the accuracy of most of the items, and deleted the others. Plaintiff points to a document annexed to his complaint as evidence that the National Mortgage account continued to appear on his credit report after Equifax notified him that it would be removed. On its face, the document appears to be a quarterly credit report addressed to plaintiff from an entity called "Credit Inform powered by Equifax" and dated December 19, 2003. It lists the delinquent National Mortgage account as an item that did not show any change during the quarter under review. However, plaintiff submits no testimony or sworn statements to establish the report's origin or to connect it with Equifax (which denies knowledge of Credit Inform). On its own, the report does not constitute competent evidence. In any event, the report purports to describe activity that occurred during the quarter preceding its date of issuance, which period one may

5

reasonably infer encompasses July 2003 to September 2003. But plaintiff did not contact Equifax concerning the disputed items until October 20, 2003. Thus, it appears that the report describes the status of plaintiff's credit accounts during a period before plaintiff notified Equifax that he disputed certain items appearing on his credit report and Equifax reinvestigated those items.

In sum, with respect to plaintiff's FCRA claims, Equifax has satisfied its burden under Rule 56 and plaintiff has failed to satisfy his.

### III. Truth in Lending Act Claim

The court need not consider whether notice of plaintiff's Truth in Lending Act claim was given in the complaint because the claim is plainly without merit. The Truth in Lending Act imposes liability only on creditors, not on consumer reporting agencies. Equifax is not a creditor within the meaning of the Truth in Lending Act. *See* 15 U.S.C. § 1602(f).

### CONCLUSION

For the reasons set forth above, defendant Equifax's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
July 21, 2006